Mr. Justice Moore
delivered the opinion of the Court.
On September 9, 1965, the attorney general invoked the original jurisdiction of this court by filing a complaint in which it was alleged that prior to June 23, 1963, Wendell A. Peters was licensed to practice law by this court, but on that date his license was revoked and he was disbarred. It was further alleged that Wendell A. Peters thereafter,
“* * * did represent and hold himself out as an attorney at law to one Pauline Wiley of the City and County of Denver. On said date, the respondent did agree to represent said Pauline Wiley, as her attorney, in Civil Action No. 264-4851, a case then pending before the Municipal Court of the City and County of Denver. Relator further alleges that on said date respondent charged, and accepted from, Pauline Wiley, the sum of twenty-five dollars as a fee for such representation.
“4. Relator further alleges that on December 24, 1964, respondent Wendell A. Peters, without having a license from this court as aforesaid, and contrary to the provisions of 12-1-17, CRS ’63, did represent and hold himself out as an attorney at law to one Cleo Payne of the City and County of Denver. At that time and in the said City and County, respondent told said Cleo Payne that the respondent was an attorney, and that respondent desired the opportunity to represent Cleo Payne in a divorce case and a bankruptcy case, both of which were then pending in courts in this state.”
By amendment an additional paragraph was added to the complaint, which contained the following:
“5. Relator further alleges that on or about June 23, 1965, and before and after said date, respondent Wendell A. Peters, without having a license from this Court as aforesaid, and contrary to the provisions of Section 12-1-17, CRS ’63, did represent and hold himself out as an attorney at law to one Lawrence Hammond of the City and County of Denver. At that time and in the *509 said City and County, respondent did agree to represent said Lawrence Hammond, as his attorney, in a cause then pending in the Municipal Court in and for the City and County of Denver, then a court of record. Relator further alleges that on said date respondent charged, and accepted from, Lawrence Hammond, the sum of thirty-seven dollars and fifty cents as a fee for such representation. Relator further alleges that at a time thereafter, the date of which is unknown to relator, the said respondent further offered for a fee of one thousand dollars to represent the said Lawrence Plammond, as his attorney, in an action pending before the District Court in and for the City and County of Denver, a court of record.”
A citation issued upon filing of the complaint commanding the respondent Peters to show cause why he should not be punished for contempt of court. He filed his answer in which he denied the pertinent allegations of the complaint. The matter was heard by this court en banc and evidence was offered both by the attorney general and on behalf of the respondent.
This court finds that the facts as alleged by the attorney general are true as to each transaction mentioned in the amended complaint on file in this cause. It is accordingly adjudged that the respondent is guilty of contempt of this court, and it is ordered that he pay the costs of this proceeding; that he refund to Pauline Wiley the sum of twenty-five dollars, and to Lawrence Hammond the sum of thirty-seven dollars and fifty cents; and that he be confined in the county jail of the City and County of Denver for the full term of ninety days.
Petition for rehearing is dispensed with.
Execution to issue ten days from this date.